IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN H. POTTS, JR., )<br>)<br>  Plaintiff, )<br>v. )<br>)<br>ACADEMY SPORTS<br>+ OUTDOORS, )<br>)<br>  Defendant. ) | Case No. _____ |

## COMPLAINT

COMES NOW, John H. Potts, Jr. (hereinafter Mr. "Potts" or "Plaintiff"), and hereby files this Complaint against Academy Sports + Outdoors (hereinafter "Academy" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* as amended, (hereinafter "Title VII"), which provides for relief from race discrimination in employment, 42. U.S.C. § 1981 (hereinafter "Section 1981"), which prohibits discrimination predicated on race in the formation and the enforcement of contracts, and pursuant to 28 U.S.C. §§

1331, 1343(4), and 1367.

2.     Mr. Potts has fulfilled all conditions precedent to the institution of this action under Title VII. Mr. Potts filed his charge of race discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the occurrence of the last respective discriminatory act, Charge No. 420-2021-01141, on or about February 14, 2021. Mr. Potts's notice of right to sue was mailed to him on or about June 24, 2021. A copy of Mr. Potts's Charge of Discrimination and his Notice of Rights are attached hereto as Exhibit A. All claims by Plaintiff under Section 1981 are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658.

3.     The unlawful practices alleged herein were committed by Defendant in Jefferson County in the state of Alabama. Thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Mr. Potts is an African American male citizen of the United States of America, is a resident-citizen of the state of Alabama, and is over the age of 19. At all times relevant to this action, Mr. Potts was employed by Defendant.

5.     Defendant is an employer in Jefferson County, Alabama and is subject to suit under Title VII. At all times relevant to this action, Defendant has employed at least 15 persons.

## FACTS

6.  Mr. Potts began his employment with Academy in December 2001 as the Assistant Manager of Academy's Trussville, Alabama location.

7.  After six months at the Trussville store, Mr. Potts was transferred to the Lakeshore location and remained there five years as Manager.

8.  Mr. Potts then spent the next two and a half years at Academy's Highway 280 location in Shelby County, Alabama in the position of Manager where Mr. Potts consistently met or exceeded expectations.

9.  Academy transferred Mr. Potts to its Hoover store where Mr. Potts worked for the next nine years, up to the date of his wrongful termination. He was promoted to Operations Manager in September 2019. Again, Mr. Potts consistently met and/or exceeded management's expectations while working at the Hoover location.

10. In February 2020, Mr. Potts applied for the Store Director position; however, despite Mr. Potts' over 18 years of exemplary employment, Academy never responded to Mr. Potts or any way acknowledged his application.

11. Academy awarded the Store Director position to Ryan Armstrong, a white male under 40 years of age.

12. The Hoover store had three (3) managers – John Potts (Operations Manager); Kimberly Hall (Soft Goods Manager); and Richard Graham (Hard Lines

Manager) -- when Mr. Armstrong assumed the Store Director position.

13. Upon being named Store Director, Mr. Armstrong supervised all three managers at the Hoover location.

14. In early August 2020, Mr. Armstrong directed Mr. Potts to assist Mr. Graham in completing his duties in the Hard Lines Department, which included, but was not limited to, multiple firearm audits and numerous aisle sets. Consequently, Mr. Potts spent approximately four to five hours of his scheduled nine work hours assisting Mr. Graham (who was failing at his job), while trying to finish his own duties.

15. Mr. Armstrong met with Mr. Potts on or about August 25, 2020. Mr. Armstrong informed Mr. Potts that his employment was being terminated because his area failed audit.

16. Mr. Potts reminded Mr. Armstrong that a significant amount of his time had been spent assisting Mr. Graham, per Mr. Armstrong's order.

17. Mr. Potts asked Mr. Armstrong whether he was being fired due to his assisting Mr. Graham; Mr. Armstrong nodded affirmatively.

18. Mr. Potts was qualified to do his job and the job of others as well, given that Mr. Armstrong ordered him to assist a struggling, failing white manager colleague, who, instead of being terminated for poor performance, retained his employment largely due to and on the back of Mr. Potts' hard work.

19. Following Mr. Potts' termination, his duties were assumed by at least one Caucasian.

20. On or about February 14, 2021, Mr. Potts filed a charge of discrimination in the Birmingham District Office of the Equal Employment Opportunity Commission, alleging race discrimination in violation of Title VII. [*See* Exhibit A]

21. The EEOC mailed its Dismissal and Notice of Rights on EEOC Charge number 420-2021-01141 to Mr. Potts and his legal counsel on or about June 24, 2021. [*See* Exhibit A]

## **COUNT I—TITLE VII (Race Discrimination)**

22. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-21 as if set forth herein verbatim.

23. Prior to Ryan Armstrong being hired as Store Director, Mr. Potts had never been disciplined in any matter. He had over 18 years of experience and had worked at no fewer than four of Defendant's locations in the Birmingham, Alabama market.

24. Mr. Armstrong ordered Mr. Potts to assist a failing, underperforming white male colleague, Richard Graham, which took valuable time away from Mr. Potts in carrying out his duties.

25. Mr. Graham retained his position while Mr. Potts was disciplined and

ultimately terminated.

26. Mr. Armstrong acknowledged that he terminated Mr. Potts because he spent time assisting the white male colleague. Further, Armstrong did not require the white male colleague or anyone else to assist Mr. Potts.

27. Defendant's practices set forth in this section were motivated by racial animus in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant treated Mr. Potts more adversely than similarly-situated Caucasian employees in terms of compensation, benefits and other terms and conditions of his employment. By virtue of Defendant's discriminatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation/wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies under Title VII.

28. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has suffered irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

### COUNT II — 42 U.S.C. § 1981 (Race Discrimination)

29. Plaintiff re-alleges and incorporates the allegations set forth in

paragraphs 1-28 above as if set forth herein verbatim.

30. Plaintiff was qualified for the Store Director position he applied for in February, 2020.

31. Despite Mr. Potts' 18 years plus tenure, Defendant refused to even acknowledge Plaintiff's application for and/or interest in said position. Instead, Defendant opted to hire Ryan Armstrong, a white male with no employment or service experience with Academy.

32. Defendant's rejection of Mr. Potts for the Store Director position in favor of Mr. Armstrong was motivated by racial animus, which interfered with Mr. Potts' ability to contract and to enjoy the benefits of contractual arrangements to the same level as his Caucasian counterparts.

33. Moreover, Defendant's termination of Mr. Potts's employment was motivated by racial animus, which likewise interfered with his ability to contract and to enjoy the benefits of contractual arrangements to the same level as his Caucasian counterparts.

34. Defendant's practices set forth in this and the previous section were motivated by racial animus in violation of 42 U.S.C. § 1981. On information and belief, but for Plaintiff's race (African-American), Defendant would have awarded Plaintiff the Store Director position and would not

have terminated Plaintiff's employment.

35. Defendant treated Plaintiff more adversely than similarly-situated Caucasian employees in terms of compensation, benefits and other terms and conditions of his employment. By virtue of Academy's discriminatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation wages, back pay, compensatory and punitive damages, and other employment benefits, and, as such is entitled to legal and equitable remedies under 42 U.S.C. § 1981.

36. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Academy Sports + Outdoors violated the rights of Plaintiff

as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and the Americans with Disabilities Act, as amended.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding Plaintiff (i) the position and compensation he would have had in the absence of its race and/or disability discrimination or, alternatively, award Plaintiff an appropriate level of front pay; (ii) back pay; (iii) lost seniority; (iv) compensatory damages for the humiliation, embarrassment, and other emotional harm Plaintiff has endured due to Defendant's discriminatory practices, and (v) lost benefits.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of punitive damages, costs, attorneys' fees and expenses.

### JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL WILL PROVIDE THE SERVICE MATERIALS TO CLERK OF COURT FOR DELIVERY TO DEFENDANT ACADEMAY SPORTS + OUTDOORS.**

Respectfully submitted, this 14th day of September, 2021.

        */s/ Robert L. Beeman, II*
        Robert L. Beeman, II
        Attorney for Plaintiff
        Alabama Bar No. 1838-E63R
        P.O. Box 253
        Helena, AL 35080
        Rlbsportsmgnt12@gmail.com
        205.422.9015 (P)
        800.693.5150 (F)

        */s/ Roderick T. Cooks*
        Roderick T. Cooks
        Attorney for Plaintiff
        Alabama Bar No. 5819-O78R
        Winston Cooks, LLC
        505 20th Street North, Suite 815
        Birmingham, AL 35203
        rcooks@winstoncooks.com
        205.502.0970 (P)
        205.278.5876 (F)

## **CERTIFICATE OF SERVICE**

      I hereby certify a copy of the Complaint has been (or will be) arranged to be served on Defendant by the clerk of court at the address below. Done this 14th day of September, 2021.

        */s/Robert L. Beeman, II*_____
        Robert L. Beeman, II
        [ASB-1838-E63R]

**<u>DEFENDANT'S ADDRESS</u>:**
Academy Sports + Outdoors
  c/o Ms. Delilah Banks
1800 North Mason Road
Katy, TX 77449